# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| VERNON KREIDER, Individually, as Husband and Next-of-Kin of PATRICIA KREIDER, Deceased, and as Special Representative for the Estate PATRICIA KREIDER, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>GENERATIONS AT ROCK ISLAND, LLC D/B/A ROCK ISLAND NURSING & REHAB CENTER, an Illinois limited liability company,<br><br>Defendant. | Case No. 17-<br>JURY DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Vernon Kreider, individually, as husband and next-of-kin of Patricia Kreider, deceased, and as Special Representative for the Estate of Patricia Kreider, deceased, by and through the undersigned counsel, and for cause of action against Defendant Generations at Rock Island, LLC D/B/A Rock Island Nursing & Rehab Center, would hereby show and state as follows:

## THE PARTIES

A.  Plaintiff, VERNON KREIDER, individually, as husband and next-of-kin of Patricia Kreider, deceased, is an adult United States citizen and citizen of the State of Mississippi, residing in Olive Branch, Mississippi.

B.  Plaintiff, PATRICIA KREIDER, deceased was an adult United States citizen and a citizen of the State of Mississippi, residing in Olive Branch, Mississippi.

C.  Defendant, GENERATIONS AT ROCK ISLAND, LLC d/b/a ROCK ISLAND NURSING HOME & REHAB CENTER, is an Illinois limited liability company whose principal place of business is located at 2545 24th Street, Rock Island, Illinois 61201.

## JURISDICTION AND VENUE

1. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the events and/or omissions giving rise to this claim occurred within the Central District of Illinois.

3. Assignment of this case in Rock Island is proper pursuant to Local Rule 40.1 in that the events and/or omissions giving rise to this claim occurred within Rock Island County, State of Illinois.

4. Upon information and belief, Defendant Generations at Rock Island, LLC D/B/A Rock Island Nursing & Rehab Center ("Defendant Rock Island Nursing") is an Illinois limited liability company licensed to do business in the State of Illinois and maintains its principal office at 2545 24th Street, Rock Island, Illinois 61201. Defendant Rock Island Nursing is in the business of providing medical and nursing care and services to the public at large. Upon information and belief, Defendant Rock Island Nursing may be served with process through its Registered Agent for service of process, Tom Winter, 6840 North Lincoln Avenue, Lincolnwood, Illinois 60712. At all times material hereto, Defendant Rock Island Nursing, through its agents, employees, and/or contractors, provided medical and nursing care and services to Patricia Kreider, deceased, from approximately April 2015 through August 2015.

5. All medical and nursing care and services that are the subject of this Complaint occurred in Rock Island County, Illinois in the Central District of Illinois. Because the wrongs complained of herein occurred in Rock Island County, Illinois, in the Central District of Illinois, venue is proper pursuant to 28 U.S.C. § 1391.

6. Pursuant to and in compliance with 735 Ill. Comp. Stat. 5/2-622, the Affidavit of Attorney Chris Doscotch is attached hereto as Exhibit A and is hereby incorporated herein by reference as if fully stated herein *verbatim*.

## FACTS

7. On or about April 23, 2015, Patricia Kreider ("Mrs. Kreider") was admitted to Defendant's facility.

8. During her stay at Defendant's facility, Mrs. Kreider was under the care and/or control of the Defendant's staff for her medical needs as well as her activities of daily living.

9. During her stay at Defendant's facility, Mrs. Kreider developed and/or had serious progression of multiple large, puss-infiltrated pressure sores on Mrs. Kreider's heels, feet, toes, buttocks, and sacrum.

10. Prior to May 10, 2015, there was no documentation or description of Mrs. Kreider's wounds.

11. During her stay at Defendant Rock Island Nursing, Mrs. Kreider suffered malnutrition and dehydration.

12. As a result of her malnourishment, dehydration, and the worsening and infection of her pressure sores, Mrs. Kreider's died on August 27, 2015.

13. As a result of these aforementioned circumstances, the Illinois Department of Public Heath found that Defendant Rock Island Nursing committed state and/or federal violations and cited it for improper nursing care. The investigation report of the Illinois Department of Public Health is attached hereto as Exhibit B and is hereby incorporated herein by reference as if fully stated herein *verbatim*.

## COUNT I- MEDICAL MALPRACTICE RESPONDEAT SUPERIOR & WRONGFUL DEATH

14. Plaintiff re-alleges and incorporates paragraphs one through thirteen of the Complaint as if fully set forth herein *verbatim*.

15. As set forth hereinabove, Defendant and its agents, employees, and/or contractors, were charged with the responsibility of providing medical, nursing, and dietary care and services to and for Mrs. Kreider within the accepted standards of medical, nursing, and dietary care.

16. At all times complained of, Mrs. Kreider was under the Defendant's care and control regarding her medical, nursing, and dietary needs.

17. That Defendant, through its agents and/or employees, deviated from the standard of care required via the following acts and/or omissions,
   a. failed to properly evaluate, treat, monitor, and implement and follow an appropriate care plan for Mrs. Kreider;
   b. failed to prevent, evaluate, monitor, and properly treat Mrs. Kreider's pressure sores;
   c. failed to appropriately turn and provide wound care to Mrs. Kreider;
   d. failed to implement and follow appropriate dietary measures to prevent malnutrition and dehydration and to promote wound healing;
   e. failed to communicate with Mrs. Kreider's other healthcare providers in such a manner so as to facilitate the prevention and proper care and treatment of wounds, pressure sores, malnutrition, and dehydration; and
   f. failed to timely, properly, and accurately document in Mrs. Kreider's medical chart.

18. That as a result of the violations of the standard of care and/or negligent acts and/or omissions of its employees and/or agents, Mrs. Kreider was injured.

19. That as a result of the injuries she sustained, Mrs. Kreider subsequently died.

20. On May 16, 2017, Vernon Kreider was appointed as Special Administrator of the Estate of Patricia Kreider, DeSoto County, Mississippi case number 17-CV-843.

21. On August 27, 2015, Patricia Kreider left the following next-of-kin:
    a. Vernon Kreider, husband;
    b. Kimberly Kreider Crafton, daughter.

22. On August 27, 2015, the Illinois Wrongful Death statute 740 ILCS 180/1 et al. was in full force and effect. The Illinois Wrongful Death statute provides that the representative of the deceased person may bring an action against persons alleged to have caused the death of the deceased on behalf of the next of kin of such deceased persons.

23. Pursuant to the Wrongful Death statute, Plaintiff requests damages and compensation, with reference to the following elements:

    a. Pecuniary damages resulting from the passing of Patricia Kreider to include but not limited to funeral expenses and any other pecuniary damages to which Plaintiff is entitled;
    b. Grief to the next of kin of Patricia Kreider;
    c. Sorrow to the next of kin of Patricia Kreider; and
    d. Mental suffering to the next of kin of Patricia Kreider.

## COUNT II- VIOLATIONS OF THE ILLINOIS NURSING HOME CARE ACT RESPONDEAT SUPERIOR & WRONGFUL DEATH

24. Plaintiff re-alleges and incorporates all the allegations in paragraphs one through thirteen as if fully set forth herein *verbatim*.

25. At all times complained of, the Defendant was an owner and/or licensee of a facility known as Rock Island Nursing & Rehab Center that providers personal care, sheltered care, or nursing care to its residents, pursuant to the Illinois statute known as the Nursing Home Care Act.

26. At all times complained of, Mrs. Kreider was a resident of Defendant's facility.

27. At all times complained of, the Illinois statute known as the Nursing Home Care Act was in full force and effect.

28. At all times complained of, the Defendant was responsible for the intentional or negligent acts and/or omissions of its employees under the NHCA which caused injury to a resident.

29. At all times complained of, the Defendant, through its agents and/or employees, violated the NHCA in the following ways:
    a. failed to properly evaluate, treat, monitor, and implement and follow an appropriate care plan for Mrs. Kreider;

      b.     failed to prevent, evaluate, monitor, and properly treat Mrs. Kreider's pressure sores;
      c.     failed to appropriately turn and provide wound care to Mrs. Kreider;
      d.     failed to implement and follow appropriate dietary measures to prevent malnutrition and dehydration and to promote wound healing;
      e.     failed to communicate with Mrs. Kreider's other healthcare providers in such a manner so as to facilitate the prevention and proper care and treatment of wounds, pressure sores, malnutrition, and dehydration;
      f.     failed to timely, properly, and accurately document in Mrs. Kreider's medical chart;
      g.     failed to provide adequate or appropriate personal care as defined under the NHCA; and
      h.     abused and/or neglected the Plaintiff as defined by the NHCA.

30.    That as a result of the violations of the NHCA, intentional acts and/or omissions, and/or negligent acts and/or omissions of its employees and/or agents, Mrs. Kreider was injured.

31.    That as a result of the injuries she sustained, Mrs. Kreider subsequently died.

32.    On May 16, 2017, Vernon Kreider was appointed as Special Administrator of the Estate of Patricia Kreider, DeSoto County, Mississippi case number 17-CV-843.

33.    On August 27, 2015, Patricia Kreider left the following next-of-kin:
      a.     Vernon Kreider, husband;
      b.     Kimberly Kreider Crafton, daughter.

34.    On August 27, 2015, the Illinois Wrongful Death statute 740 ILCS 180/1 et al. was in full force and effect. The Illinois Wrongful Death statute provides that the representative of the deceased person may bring an action against persons alleged to have caused the death of the deceased on behalf of the next of kin of such deceased persons.

35.    Pursuant to the Wrongful Death statute, Plaintiff requests damages and compensation, with reference to the following elements:

      a.     Pecuniary damages resulting from the passing of Patricia Kreider to include but not limited to funeral expenses and any other pecuniary damages to which Plaintiff is entitled;
      b.     Grief to the next of kin of Patricia Kreider;
      c.     Sorrow to the next of kin of Patricia Kreider; and
      d.     Mental suffering to the next of kin of Patricia Kreider.

**COUNT III- MEDICAL MALPRACTICE RESPONDEAT SUPERIOR & SURVIVAL**

36.    Plaintiff re-alleges and incorporates paragraphs one through thirteen of the Complaint as if fully set forth herein *verbatim*.

37. As set forth hereinabove, Defendant Rock Island Nursing and its agents, employees, and/or contractors, were charged with the responsibility of providing medical, nursing, and dietary care and services to and for Mrs. Kreider within the accepted standards of medical, nursing, and dietary care.

38. At all times complained of, Mrs. Kreider was under the Defendant's care and control regarding her medical, nursing, and dietary needs.

39. That Defendant, through its agents and/or employees, deviated from the standard of care required via the following acts and/or omissions,
   a. failed to properly evaluate, treat, monitor, and implement and follow an appropriate care plan for Mrs. Kreider;
   b. failed to prevent, evaluate, monitor, and properly treat Mrs. Kreider's pressure sores;
   c. failed to appropriately turn and provide wound care to Mrs. Kreider;
   d. failed to implement and follow appropriate dietary measures to prevent malnutrition and dehydration and to promote wound healing;
   e. failed to communicate with Mrs. Kreider's other healthcare providers in such a manner so as to facilitate the prevention and proper care and treatment of wounds, pressure sores, malnutrition, and dehydration; and
   f. failed to timely, properly, and accurately document in Mrs. Kreider's medical chart.

40. That as a result of the violations of the standard of care and/or negligent acts and/or omissions of its employees and/or agents, Mrs. Kreider was injured.

41. That as a result of the injuries she sustained, Mrs. Kreider subsequently died.

42. Prior to her death, Plaintiff survived and experienced pain as a result of her injuries.

43. On May 16, 2017, Vernon Kreider was appointed as Special Administrator of the Estate of Patricia Kreider, DeSoto County, Mississippi case number 17-CV-843.

44. On August 27, 2015, Section 755 ILCS 5/27-6, commonly known as the Survival Act, was in full force and effect, which allows the Estate the ability to recover damages incurred by the deceased person prior to death.

45. Following the injuries Mrs. Kreider sustained, which are the subject matter of this lawsuit, Mrs. Kreider survived and experienced pain and suffering prior to her death. Plaintiff requests that damages be awarded for the same.

### COUNT IV- VIOLATIONS OF THE ILLINOIS NURSING HOME CARE ACT RESPONDEAT SUPERIOR & SURVIVAL

46. Plaintiff re-alleges and incorporates all the allegations in paragraphs one through thirteen as if fully set forth herein *verbatim*.

47. At all times complained of, the Defendant was an owner and/or licensee of a facility known as Rock Island Nursing & Rehab Center that providers personal care, sheltered care, or nursing care to its residents, pursuant to the Illinois statute known as the Nursing Home Care Act.

48. At all times complained of, Mrs. Kreider was a resident of Defendant's facility.

49. At all times complained of, the Illinois statute known as the Nursing Home Care Act was in full force and effect.

50. At all times complained of, the Defendant was responsible for the intentional or negligent acts and/or omissions of its employees under the NHCA which caused injury to a resident.

51. At all times complained of, the Defendant, through its agents and/or employees, violated the NHCA in the following ways:
    a. failed to properly evaluate, treat, monitor, and implement and follow an appropriate care plan for Mrs. Kreider;
    b. failed to prevent, evaluate, monitor, and properly treat Mrs. Kreider's pressure sores;
    c. failed to appropriately turn and provide wound care to Mrs. Kreider;
    d. failed to implement and follow appropriate dietary measures to prevent malnutrition and dehydration and to promote wound healing;
    e. failed to communicate with Mrs. Kreider's other healthcare providers in such a manner so as to facilitate the prevention and proper care and treatment of wounds, pressure sores, malnutrition, and dehydration;
    f. failed to timely, properly, and accurately document in Mrs. Kreider's medical chart;
    g. failed to provide adequate or appropriate personal care as defined under the NHCA; and
    h. abused and/or neglected the Plaintiff as defined by the NHCA.

52. That as a result of the violations of the NHCA, intentional acts and/or omissions, and/or negligent acts and/or omissions of its employees and/or agents, Plaintiff was injured.

53. That as a result of the injuries she sustained, the Plaintiff subsequently died.

54. Prior to her death, Plaintiff survived and experienced pain as a result of her injuries.

55. On May 16, 2017, Vernon Kreider was appointed as Special Administrator of the Estate of Patricia Kreider, DeSoto County, Mississippi case number 17-CV-843.

56. On August 27, 2015, Section 755 ILCS 5/27-6, commonly known as the Survival Act, was in full force and effect, which allows the Estate the ability to recover damages incurred by the deceased person prior to death.

57. Following the injuries Mrs. Kreider sustained, which are the subject matter of this lawsuit, Mrs. Kreider survived and experienced pain and suffering prior to her death. Plaintiff requests that damages be awarded for the same.

58. Additionally, had Mrs. Kreider lived to pursue her own case, she would have been able to make a claim for actual damages, costs, and attorney's fees pursuant to 210 ILCS 45/3-602; therefore, the Plaintiff is requesting such damages be awarded to the Estate.

## COUNT V- DIRECT MEDICAL MALPRACTICE & WRONGFUL DEATH

59. Plaintiff re-alleges and incorporates paragraphs one through thirteen of the Complaint as if fully set forth herein *verbatim*.

60. As set forth hereinabove, Defendant Rock Island Nursing was charged with the responsibility of providing medical, nursing, and dietary care and services to and for Mrs. Kreider within the accepted standards of medical, nursing, and dietary care.

61. At all times complained of, Mrs. Kreider was under the Defendant's care and control regarding her medical, nursing, and dietary needs.

62. That Defendant deviated from the standard of care required via the following acts and/or omissions:
   a. failed to ensure that its agents and/or employees did not injure its residents.
   b. failed to properly set an appropriate and effective budget for the treatment of its residents, including Mrs. Kreider;
   c. failed to hire, train, and supervise nursing and medical staff sufficient in number and qualifications to provide proper care, treatment, and comfort, both mental and physical, to its residents, including Mrs. Kreider; and
   d. fraudulently and with the intent to deceive, failed to provide Plaintiff Vernon Kreider with accurate and timely information regarding Mrs. Kreider's medical condition, that Defendant was short-staffed and under-budgeted, and that Mrs. Kreider was not receiving appropriate care and treatment.

63. That as a result of the violations of the standard of care and/or negligent acts and/or omissions of the Defendant, Mrs. Kreider was injured.

64. That as a result of the injuries she sustained, Mrs. Kreider subsequently died.

65. On May 16, 2017, Vernon Kreider was appointed as Special Administrator of the Estate of Patricia Kreider, DeSoto County, Mississippi case number 17-CV-843.

66. On August 27, 2015, Patricia Kreider left the following next-of-kin:
    a. Vernon Kreider, husband;
    b. Kimberly Kreider Crafton, daughter.

67. On August 27, 2015, the Illinois Wrongful Death statute 740 ILCS 180/1 et al. was in full force and effect. The Illinois Wrongful Death statute provides that the representative of the deceased person may bring an action against persons alleged to have caused the death of the deceased on behalf of the next of kin of such deceased persons.

68. Pursuant to the Wrongful Death statute, Plaintiff requests damages and compensation, with reference to the following elements:

    a. Pecuniary damages resulting from the passing of Patricia Kreider to include but not limited to funeral expenses and any other pecuniary damages to which Plaintiff is entitled;
    b. Grief to the next of kin of Patricia Kreider;
    c. Sorrow to the next of kin of Patricia Kreider; and
    d. Mental suffering to the next of kin of Patricia Kreider.

## COUNT VI- DIRECT VIOLATIONS OF THE ILLINOIS NURSING HOME CARE ACT & WRONGFUL DEATH

69. Plaintiff re-alleges and incorporates all the allegations in paragraphs one through thirteen as if fully set forth herein *verbatim*.

70. At all times complained of, the Defendant was an owner and/or licensee of a facility known as Rock Island Nursing & Rehab Center that provides personal care, sheltered care, or nursing care to its residents, pursuant to the Illinois statute known as the Nursing Home Care Act.

71. At all times complained of, Mrs. Kreider was a resident of Defendant's facility.

72. At all times complained of, the Illinois statute known as the Nursing Home Care Act was in full force and effect.

73. At all times complained of, the Defendant was responsible for the intentional or negligent acts and/or omissions of its employees under the NHCA which caused injury to a resident.

74. At all times complained of, the Defendant violated the NHCA in the following ways:
    a. failed to ensure that its agents and/or employees did not injure its residents.
    b. failed to properly set an appropriate and effective budget for the treatment of its residents, including Mrs. Kreider;

      c.      failed to hire, train, and supervise nursing and medical staff sufficient in number and qualifications to provide proper care, treatment, and comfort, both mental and physical, to its residents, including Mrs. Kreider; and

      d.      fraudulently and with the intent to deceive, failed to provide Plaintiff Vernon Kreider with accurate and timely information regarding Mrs. Kreider's medical condition, that Defendant was short-staffed and under-budgeted, and that Mrs. Kreider was not receiving appropriate care and treatment.

75.    That as a result of the Defendant's violations of the NHCA and/or negligent acts and/or omissions, Mrs. Kreider was injured.

76.    That as a result of the injuries she sustained, Mrs. Kreider subsequently died.

77.    On May 16, 2017, Vernon Kreider was appointed as Special Administrator of the Estate of Patricia Kreider, DeSoto County, Mississippi case number 17-CV-843.

78.    On August 27, 2015, Patricia Kreider left the following next-of-kin:
      a.      Vernon Kreider, husband;
      b.      Kimberly Kreider Crafton, daughter.

79.    On August 27, 2015, the Illinois Wrongful Death statute 740 ILCS 180/1 et al. was in full force and effect. The Illinois Wrongful Death statute provides that the representative of the deceased person may bring an action against persons alleged to have caused the death of the deceased on behalf of the next of kin of such deceased persons.

80.    Pursuant to the Wrongful Death statute, Plaintiff requests damages and compensation, with reference to the following elements:

      a.      Pecuniary damages resulting from the passing of Patricia Kreider to include but not limited to funeral expenses and any other pecuniary damages to which Plaintiff is entitled;
      b.      Grief to the next of kin of Patricia Kreider;
      c.      Sorrow to the next of kin of Patricia Kreider; and
      d.      Mental suffering to the next of kin of Patricia Kreider.

**COUNT VII- DIRECT MEDICAL MALPRACTICE RESPONDEAT & SURVIVAL**

81.    Plaintiff re-alleges and incorporates paragraphs one through thirteen of the Complaint as if fully set forth herein *verbatim*.

82.    As set forth hereinabove, Defendant Rock Island Nursing was charged with the responsibility of providing medical, nursing, and dietary care and services to and for Mrs. Kreider within the accepted standards of medical, nursing, and dietary care.

83.    At all times complained of, Mrs. Kreider was under the Defendant's care and control regarding her medical, nursing, and dietary needs.

84. That Defendant deviated from the standard of care required via the following acts and/or omissions:

    a. failed to ensure that its agents and/or employees did not injure its residents.
    b. failed to properly set an appropriate and effective budget for the treatment of its residents, including Mrs. Kreider;
    c. failed to hire, train, and supervise nursing and medical staff sufficient in number and qualifications to provide proper care, treatment, and comfort, both mental and physical, to its residents, including Mrs. Kreider; and
    d. fraudulently and with the intent to deceive, failed to provide Plaintiff Vernon Kreider with accurate and timely information regarding Mrs. Kreider's medical condition, that Defendant was short-staffed and under-budgeted, and that Mrs. Kreider was not receiving appropriate care and treatment.

85. That as a result of the violations of the standard of care and/or negligent acts and/or omissions of the Defendant, Mrs. Kreider was injured.

86. That as a result of the injuries she sustained, Mrs. Kreider subsequently died.

87. Prior to her death, Plaintiff survived and experienced pain as a result of her injuries.

88. On May 16, 2017, Vernon Kreider was appointed as Special Administrator of the Estate of Patricia Kreider, DeSoto County, Mississippi case number 17-CV-843.

89. On August 27, 2015, Section 755 ILCS 5/27-6, commonly known as the Survival Act, was in full force and effect, which allows the Estate the ability to recover damages incurred by the deceased person prior to death.

90. Following the injuries Mrs. Kreider sustained, which are the subject matter of this lawsuit, Mrs. Kreider survived and experienced pain and suffering prior to her death. Plaintiff requests that damages be awarded for the same.

### COUNT VIII- DIRECT VIOLATIONS OF THE ILLINOIS NURSING HOME CARE ACT & SURVIVAL

91. Plaintiff re-alleges and incorporates all the allegations in paragraphs one through thirteen as if fully set forth herein *verbatim*.

92. At all times complained of, the Defendant was an owner and/or licensee of a facility known as Rock Island Nursing & Rehab Center that provides personal care, sheltered care, or nursing care to its residents, pursuant to the Illinois statute known as the Nursing Home Care Act.

93. At all times complained of, Mrs. Kreider was a resident of Defendant's facility.

94. At all times complained of, the Illinois statute known as the Nursing Home Care Act was in full force and effect.

95. At all times complained of, the Defendant was responsible for the intentional or negligent acts and/or omissions of its employees under the NHCA which caused injury to a resident.

96. At all times complained of, the Defendant violated the NHCA in the following ways:

    a. failed to ensure that its agents and/or employees did not injure its residents.
    b. failed to properly set an appropriate and effective budget for the treatment of its residents, including Mrs. Kreider;
    c. failed to hire, train, and supervise nursing and medical staff sufficient in number and qualifications to provide proper care, treatment, and comfort, both mental and physical, to its residents, including Mrs. Kreider; and
    d. fraudulently and with the intent to deceive, failed to provide Plaintiff Vernon Kreider with accurate and timely information regarding Mrs. Kreider's medical condition, that Defendant was short-staffed and under-budgeted, and that Mrs. Kreider was not receiving appropriate care and treatment.

97. That as a result of the Defendant's violations of the NHCA and/or negligent acts and/or omissions, Mrs. Kreider was injured.

98. That as a result of the injuries she sustained, Mrs. Kreider subsequently died.

99. Prior to her death, Plaintiff survived and experienced pain as a result of her injuries.

100. On May 16, 2017, Vernon Kreider was appointed as Special Administrator of the Estate of Patricia Kreider, DeSoto County, Mississippi case number 17-CV-843.

101. On August 27, 2015, Section 755 ILCS 5/27-6, commonly known as the Survival Act, was in full force and effect, which allows the Estate the ability to recover damages incurred by the deceased person prior to death.

102. Following the injuries Mrs. Kreider sustained, which are the subject matter of this lawsuit, Mrs. Kreider survived and experienced pain and suffering prior to her death. Plaintiff requests that damages be awarded for the same.

103. Additionally, had Mrs. Kreider lived to pursue her own case, she would have been able to make a claim for actual damages, costs, and attorney's fees pursuant to 210 ILCS 45/3-602; therefore, the Plaintiff is requesting such damages be awarded to the Estate.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff, Vernon Kreider, individually, as Husband and Next-of-Kin of Patricia Kreider, deceased, and as Special Representative for the Estate of Patricia Kreider, deceased, and on behalf of all wrongful death beneficiaries, sues the Defendant for the injuries described herein and prays for a judgment and award of compensatory damages against the Defendant in such an amount in excess of the jurisdictional requirements of this Court as may be fair and reasonable to a jury, costs of this suit, and attorneys' fees pursuant to 210 Ill. Comp. Stat. 45/3-602, and for all such other relief, both general and specific, to which he may be entitled under the premises. **A trial by jury is respectfully demanded.**

Respectfully submitted,

VERNON KREIDER, Individually, as Husband and Next-of-Kin of PATRICIA KREIDER, Deceased, and as Special Representative for the Estate of PATRICIA KREIDER, Deceased

By:   /s/Chris Doscotch
Chris Doscotch (Bar No. 6224822)
LAW OFFICE OF CHRIS DOSCOTCH
2708 North Knoxville Avenue
Peoria, IL 61604
Telephone: (309) 681-9770
Facsimile: (309) 681-9328
Chris@doscotchlaw.com