IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| VERNON KREIDER, individually and as SPECIAL REPRESENTATIVE of the ESTATE of PATRICIA KREIDER, deceased,<br>    Plaintiff,<br><br>v.<br><br>GENERATIONS at ROCK ISLAND, LLC, d/b/a ROCK ISLAND NURSING & REHAB CENTER,<br>    Defendant. | Case No. 4:17-cv-04152-SLD-JEH |

### Order

The Plaintiff, Vernon Kreider, as Special Representative of the Estate of Patricia Kreider, deceased, filed a Complaint on June 9, 2017 against the Defendant, Generations of Rock Island, LLC d/b/a Rock Island Nursing & Rehab Center. (D. 1).[1] The Plaintiff's Complaint asserts diversity of citizenship as a basis of this Court's subject matter jurisdiction. *Id.* at pg. 2. The allegations of the Complaint are not sufficient to support that assertion.

The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). Citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The Plaintiff's complaint does not identify the members of the Defendant

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

LLC or allege the citizenship of those members. Therefore, the Plaintiff's complaint is not sufficient to invoke diversity jurisdiction.

Additionally, asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief). The Plaintiff asserts some of the basis for the Court's jurisdiction "[u]pon information and belief[.]" (D. 1 at pg. 2). Therefore, the Plaintiff's Complaint is not sufficient to invoke diversity jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("leave to amend defective allegations of subject matter jurisdiction should be freely given") (citations omitted). Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for the Court's jurisdiction.

*It is so ordered.*

Entered on June 12, 2017.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE